IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TIMOTHY CLARK,

                Petitioner,

                                                    ORDER

                                                    15-cv-544-bbc
                                                    06-cr-126-bbc

UNITED STATES OF AMERICA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Timothy Clark has filed a motion for post conviction relief under 28 U.S.C. § 2255. He argues that he is entitled to a reduction in his sentence under the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), in which the Court held that the vagueness of the residual clause in 18 U.S.C. § 924(e)(2)(B) violated the due process clause of the Fifth Amendment.

      This is petitioner's first motion for post conviction relief, so he does not need the permission of a panel of the Court of Appeals for the Seventh Circuit to proceed. 28 U.S.C. § 2255(h). However, his petition must be denied because the decision in <u>Johnson</u> does not apply to his situation.

      Petitioner was charged in this court with one count of conspiracy with intent to distribute and to distribute cocaine and cocaine base, involving 5 kilograms or more of

1

cocaine and 50 grams or more of cocaine base and one count of possession with intent to distribute cocaine. He was found guilty of both counts by a jury and was classified as a career offender because he had two prior drug offenses. He was sentenced to a 360-month term of imprisonment on each count.

Because the finding that defendant was a career offender was based on his two prior controlled substance offenses, the holding in Johnson does not apply to him, even if I assume that it would apply to a person who was not convicted of an offense involving firearms, which is what Johnson was addressing. In Johnson, the defendant had been sentenced upon a finding that he had committed a violent felony, as defined in 18 U.S.C. § 924(e)(2)(B) of "violent felony." Under the statute, this is a crime that carries a penalty of more than one year and

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

§ 924(e)(2)(B); § 4B1.2. (Italics added). Johnson was convicted of a violation of 18 U.S.C. § 922(g), which makes it a crime for a felon to possess a firearm; the question was whether his previous conviction for unlawful possession of a short-barreled shotgun was a violent felony within the meaning of § 924(e)(2)(B). The Supreme Court focused on the italicized language in subsection (2), known as the residual clause, which the Court found was too vague to satisfy the due process clause of the Constitution. "Our cases establish that the Government violates [the due process clause of the Fifth Amendment] by taking away

2

someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." The Court did not discuss any other portion of the definition. In particular, it did not discuss any part of § 924(e)(2)(B) that increases the sentences for persons who have committed controlled substances offenses or who have committed an offense listed in subsection (i) or in the non-italicized portion of subsection (ii). Accordingly, I conclude that petitioner's motion for post conviction relief must be denied.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Petitioner has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that petitioner Timothy Clark's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED. Further, IT IS ORDERED that no certificate of appealability shall issue. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 14th day of September, 2015.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge